**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-696C
(Filed: February 20, 2015)

**FILED**
FEB 20 2015
U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| TIMOTHY SHERIDAN, | |
| Plaintiff, | Motion to Dismiss; Patent Infringement; 22 U.S.C. § 2356; 28 U.S.C. § 1498(a); For the Benefit of the Government; Authorization or Consent. |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Timothy Sheridan, Philadelphia, PA, pro se.

Joyce R. Branda, John Fargo, Stephen M. Chong, United States Department of Justice, Civil Division, Commercial Litigation Branch, P.O. Box 460, Benjamin Franklin Station, Washington, D.C., 20044, for Respondent. Gary L. Hausken, United States Department of Justice, of Counsel.

___

**OPINION AND ORDER OF DISMISSAL**

___

**WILLIAMS**, Judge.

This case comes before the Court on Defendant's motion to dismiss the Complaint. Plaintiff pro se Timothy Sheridan claims that the Government is required to compensate him for the infringement of his patent by numerous private parties. However, Plaintiff has not alleged facts suggesting that the United States itself used or manufactured his claimed invention or authorized or consented to such use or manufacture by any person or entity. Because Plaintiff has failed to allege conduct by the Government subject to this Court's jurisdiction, this action is dismissed.

### Background

Plaintiff is both the owner of U.S. Patent No. 7,415,982 (issued Aug. 26, 2008) ("the '982 Patent"), entitled "Smokeless pipe," and inventor of this device. The field of invention generally relates to

> a smokeless pipe, and more specifically to a smokeless pipe that utilizes a combination of heat generated from a conventional butane lighter and an airstream to provide a noncombustible and

> nonpyrolytic method for heating and inhaling the active volatile compounds and components of tobacco or other smoking materials without the ingestion of toxic and carcinogenic compounds.

'982 Patent col. 1 ll. 5-12. The invention claimed in the '982 Patent comprises

> [a] smokeless pipe for the ingestion of tobacco products which includes an elongated hollow member having a proximal end, a distal end, and a length therebetween. The elongated hollow member includes a constricted portion along its length to retain the tobacco products within, a first opening to enable a user to draw from, a fill port to enable the user to fill the hollow member with tobacco products, and a bulbous chamber.

Id., Abstract. The invention "permits non-combustion with a heat source," and is for "contained convection 'vaporizing.'" Compl. 3. Typical embodiments are sold as vaporizers. Id. at 4. Plaintiff markets a product under the trade name "Ubie" that he alleges is an embodiment of the '982 Patent. Id. at 1.

In his Complaint, Plaintiff asserts that the '982 Patent has met "all forms of infringement and monopolistic practice including: counterfeits, disguises, use of brand 'Ubie,' cheated advertising, cheated search listings and even Government attacks to claim the proceeds." Id. Plaintiff alleges that websites—"too numerous to litigate"—such as Amazon® and eBay®, are selling his patented invention without authorization. Id. at 25. Plaintiff asserts that he was denied service from Google® and Bing®, and that Twitter® "hides [his] page in search and jams [his] ads." Id. at 23.

Plaintiff asks the Government to "defend [his] rights and honor its obligations." Id. at 24. Plaintiff continues:

> There have been paraphrased patents which the patent office refused to correct. The post office tripled my postage while others went up 4%. (In 2010 the post office claimed they were out of money. So they doubled my postage then claimed they found 300 Billion they had misplaced . . . .
>
> Even the post office was manipulated to remove the "delivery confirmation form". –So I have to stand in line every time. (Instead of just dropping off) They had seven forms. They removed the one I used. Recently, everyone's envelope (under an ounce) went up a "penny", mine went up another Dollar! Its rampant dishonesty at every turn. The whole market has been cheated. And the US condones use of my patent until I go to court.

Id. at 23 (emphasis in original).

Plaintiff alleges that the Government's investments abroad facilitated infringement:

> The US investments "connect" with infringement by supplying assistance to supply the wood, paint, metals, plastics, oil and many primary products like envelope glue, computers and fabrication. This item connects with all US investment efforts abroad because they facilitate economic power of pirates and suppliers precursor materials for their trade.
>
> Such investment (as read) provides value, materials and productive capacity that is used by pirates in the US, even by virtue of assisting businesses which supply raw materials to infringers such as "gas and oil" or minerals for ink and dyes or gum for envelopes. Or even bananas for the lunch room.

Id. at 17.

Plaintiff cites injuries his father suffered and asks the Court to stop the Government from murdering him:

> The matter caused illnesses which appear similar to when my father retired in 1995. The government refused to give him his social security. They said it was because he had purchased an additional annuity to supplement his retirement. A veteran and 35 year career man at the social security administration, they stole his social security. He died 5 years later. I now see I am experiencing the same symptoms. I am asking the court to stop them from murdering me.

Id. at 23. Plaintiff seeks damages between $30,703,200,000 and $496,020,000,000 for infringement of his patent from the United States. Id. at 11.

Plaintiff does not allege any acts of infringement by the Government, or by a Government contractor or supplier. Nor does Plaintiff allege facts suggesting that the Government authorized or consented to the use or manufacture of the patented invention by any person or entity.

## Discussion

### This Court Lacks Jurisdiction over Plaintiff's Claims.

Subject-matter jurisdiction must be established by the plaintiff at the outset of any case before the Court proceeds to the merits of the action. See Hardie v. United States, 367 F.3d 1288, 1290 (Fed. Cir. 2004). "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). A waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). "[A] waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign." Dep't of the Army v. Blue Fox, 525 U.S. 255, 261 (1999).

The Tucker Act, 28 U.S.C. § 1491(a)(1), provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act does not, however, create a stand-alone, substantive right, enforceable against the United States for monetary relief. Ferreiro v. United States, 501 F.3d 1349, 1351 (Fed. Cir. 2007) (quoting United States v. Testan, 424 U.S. 392, 398 (1976)). "[A] plaintiff must identify a separate source of substantive law that creates the right to money damages. In the parlance of Tucker Act cases, that source must be 'money-mandating.'" Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (internal citations omitted).

### 22 U.S.C. § 2351

Plaintiff asserts jurisdiction under 22 U.S.C. § 2351. Section 2351, entitled "Encouragement of Free Enterprise and Private Participation," states policies for promoting economic progress. It does not, however, mandate monetary relief. As such, this Court lacks jurisdiction over claims predicated on § 2351, and to the extent that Plaintiff's Complaint raises such claims, they are dismissed.

### 22 U.S.C. § 2356

Plaintiff also invokes 22 U.S.C. § 2356 as a basis for subject-matter jurisdiction. This provision is part of the Foreign Assistance Act of 1961, an Act "[t]o promote the foreign policy, security, and general welfare of the United States by assisting peoples of the world in their efforts toward economic development and internal and external security, and for other purposes." Pub. Law 87-195, 75. Stat. 424. Section 2356 "is designed to meet those cases in which patents or information protected by proprietary rights are disclosed by the U.S. Government in connection with furnishing assistance under the bill [S. 1983]." Hughes Aircraft Co. v. United States, 209 Ct. Cl. 446, 485 (1976) (quoting S. Rep. No. 87-612, at 30 (1961), as reprinted in 1961 U.S.C.C.A.N. 2501)).

While Plaintiff generally alleges that the Government aided private infringers "in connection with furnishing assistance under this Act" by bolstering trade, promoting businesses of alleged infringers and enabling piracy, such conduct does not trigger Government liability under § 2356. Plaintiff does not allege any disclosures of his patented technology by the Government that led to the claimed infringement, or any specific action the Government took with respect to his patented invention. Plaintiff acknowledges this lack of a direct link between a Government act and the alleged infringement, but claims that Government actions are connected to the alleged infringement by private parties because "[c]learly all businesses enjoy some 'direct or indirect promotion' by the U.S." Compl. 20. Plaintiff's generalized allegations are insufficient to bring his claim within this Court's jurisdiction under § 2356. Even under a liberal reading of the Complaint, Plaintiff has failed to allege any Governmental conduct that is actionable under § 2356.

**28 U.S.C. § 1498(a)**

28 U.S.C. § 1498(a) provides a remedy against the Federal Government for the unlicensed "use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government." 28 U.S.C. § 1498(a) (2014). The Federal Circuit has held that there are two criteria for application of § 1498(a) to the activity of private parties: (1) use or manufacture for the benefit of the Government, and (2) authorization or consent of the Government. See Advanced Software Designs Corp. v. FRB of St. Louis, 583 F.3d 1371, 1376, 1378 (Fed. Cir. 2009).

Although Plaintiff generally alleges that a number of private parties through websites "sell the patented 'hot air through holes' technology," he fails to allege any conduct by the Government that would make the Government liable for such claimed infringement. Compl. 25-28. While neither a contractual nor an agency relationship is necessary for the Government to accept infringement liability for actions of private parties, Plaintiff must demonstrate that the "activities by 'any person, firm, or corporation' [are] for the benefit of the government." Id. at 1378-79 (emphasis added). In Iris Corporation v. Japan Airlines Corporation, the Federal Circuit found that acts of an airline were "for the Government" because "[Japan Airlines]'s examination of passports improves the detection of fraudulent passports and reduces demands on government resources. This, in turn, directly enhances border security and improves the government's ability to monitor the flow of people into and out of the country." 769 F.3d 1359, 1362 (Fed. Cir. 2014); see Advanced Software, 583 F.3d at 1378 (finding that technology used by a company and three federal reserve banks to encode and decode Treasury checks was for the benefit of the Government, citing the national interest in averting fraud in Treasury checks).

Plaintiff argues that the alleged infringing activities were for the benefit of the Government because "[t]he United States has benefited from infringement in stimulus, jobs, and revenue." Compl. 29. However, these benefits are wholly unrelated to the invention claimed in the '982 Patent or any Government interest or function associated with such invention. Where benefits to the Government are merely an incidental effect of private conduct, they do not constitute "use or manufacture for the Government" within the meaning of § 1498. See Advanced Software, 583 F.3d at 1379. Even where "the government has an interest in the program generally, or funds or reimburses all or part of [that program's] costs," the Government's interest is too remote "to make the government the program's beneficiary for the purposes underlying § 1498." Larson v. United States, 26 Cl. Ct. 365, 369 (1992).

Nor has Plaintiff pled facts to suggest that the Government authorized or consented to infringement of the '982 Patent by private parties within the meaning of § 1498. Plaintiff alleges that the United States "consents" to infringement by compelling a patent holder to file suit because the Government generally supports trade engaged in by infringers. Compl. 16. In his response to the motion to dismiss, Plaintiff elaborates on his broad view of "consent" under § 1498:

> Sec 1498(a) provides relief if the government only "consents" to infringement. The government has not enforced a ban on infringement.

> . . .
>
> > Selective enforcement, for whatever reason, is indistinguishable from consent. Thus, under 1498(a) there is reasonable belief that tacit "consent" is present at least in part.

Resp. 12-13.

Plaintiff appears to argue that the United States "consents" to infringement by not policing infringers or enforcing a statutory ban on infringement. In so arguing, Plaintiff attempts to foist responsibility on the Government to ferret out and remedy the universe of patent infringement. This is not the Government's role. Rather, by statute, the Government only assumes liability for patent infringement when it uses or manufactures a patented invention itself or authorizes or consents to a private party's infringement for the Government's benefit. As the Court of Claims recognized:

> "'authorization or consent' on the part of the Government may be given in many ways other than by letter or other direct form of communication"—e.g., by contracting officer instructions, by specifications or drawings which impliedly sanction and necessitate infringement, by post hoc intervention of the Government in pending infringement litigation against individual contractors.

Hughes Aircraft, 209 Ct. Cl. at 464-65 (quoting II Bulletin of the Judge Advocate General 75 (1943), SPJGP 1943/881 (Feb. 8, 1943)). However, because a waiver of sovereign immunity must be narrowly construed, authorization or consent under § 1498 "'requires explicit acts or extrinsic evidence sufficient to prove the government's intention to accept liability for a specific act of infringement.'" Larson, 26 Cl. Ct. at 369-70 (quoting Auerbach v. Sverdrup Corp., 829 F.2d 175, 177 (D.C. Cir. 1987)). Here, Plaintiff has not alleged any facts that show the Government's intention to accept liability for a specific act of claimed infringement of the '982 Patent.

In sum, Plaintiff does not allege facts that meet either of the two criteria for application of § 1498 to the activity of private parties: (1) use or manufacture for the benefit of the Government, and (2) authorization or consent of the Government. Plaintiff's allegations are therefore insufficient to bring his claim within this Court's jurisdiction under § 1498.

## Conclusion

Defendant's motion to dismiss is **GRANTED**.[1] The Clerk is directed to dismiss this action for lack of jurisdiction.[2]

*Mary Ellen Coster Williams*
MARY ELLEN COSTER WILLIAMS
Judge

---

[1] All other pending motions in this case have been rendered moot by this decision.

[2] Alternatively, the Complaint is subject to dismissal under Rule 12(b)(6), as Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff does not state a plausible claim for relief under § 2356. Plaintiff does not allege any Government activities that fall within the provision's requirement that the patent was infringed "in connection with furnishing assistance under [the Foreign Assistance Act]," or any disclosures of a patent or proprietary information.

Likewise, Plaintiff does not state a plausible claim for relief under § 1498. Plaintiff does not allege facts that warrant the application of § 1498, as he fails to allege either infringement by private parties that has a sufficiently direct benefit to the Government, or facts showing the Government's authorization of or consent to private parties' infringement.